UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| IN RE. THE ARBITRATION OF<br><br>CHRISTOPHER HELLMICH, on behalf of himself, derivatively for Mastiff Contracting, LLC's shareholders, and as Private Attorney General for the Citizens of California<br><br>Petitioner,<br><br>vs.<br><br>MASTIFF CONTRACTING, LLC, a New York Company; JAMES W. MARTIN, an indvdiual; GEORGE HOLLEY, JR. an individual; and CHELSEY STEAD an individual<br><br>Respondents. | **CASE NO.: SACV14-01354 DOC (ANx)**<br><br>**JUDGMENT** |

Judgment is hereby entered in this matter as to the Third Interim Arbitral Award as follows:

**NOW THEREFORE JUDGMENT IS ENTERED:**

    1.    This award fully and finally resolves all claims for constructive fraud.

    2.    **IT IS ORDERED THAT:** Claimant proved each Respondent was in a fiduciary relationship with Claimant and in the course of that fiduciary relationship each Respondent

1

**JUDGMENT**

committed constructive fraud against Claimant. Claimant proved this constructive fraud by clear and convincing evidence. Claimant is the prevailing party.

3. **IT IS FURTHER ORDERED THAT:** Respondents' actions directed against Claimant were willful and malicious. *In re Bammer,* 131 F.3d 788, 791 (9th Cir. 1997).

4. **IT IS FURTHER ORDERED THAT:** Martin and Holley are each a Mastiff alter ego and therefore all Respondents are jointly and severally liable with one another for the monetary awards issued herein. *In re Kay*, 60 B.R. 174, 177 (Bankr. C.D. Cal. 1986); *see also*, *Rhino Linings of Poway, Inc. v. Rhino Linings USA, Inc.* (Cal. Ct. App., June 19, 2002, D036619) 2002 WL 1340879 *9 (holding alter egos jointly and severally liable for contractually agreed attorneys fees and costs). Separately, Respondents are jointly and severally liable with one another under California law regarding the fraudulent selling of securities. CAL. CORP. CODE §25504.1 and 25401.

5. **IT IS FURTHER ORDERED THAT:** As a direct and proximate result of Respondents' constructive fraud the Respondents are jointly and severally liable to Claimant for the loans in the principal amount of $123,000 and for pre and post judgment interest on the principal amount of the loans at the contractually agreed 9% interest rate. *See*, Table 1.

6. **IT IS FURTHER ORDERED THAT:** As a direct and proximate result of Respondents' constructive fraud the Respondents are jointly and severally liable to Claimant for his proven lost and future profits in the principal amount of $499,999 as plead in the Verified Complaint, for prejudgment interest applied to the lost and future profits in accordance with CAL. CIV. CODE §3287 and post-judgment interest in accordance with CAL. CIV. CODE §685.010. *See*, Table 1.

7. **IT IS FURTHER ORDERED THAT:** Respondents are jointly and severally liable to Claimant for attorneys' fees as provided for in the arbitration agreement. Claimant's reasonable

attorneys fees are $150,000. The attorneys fees were incurred through January 29, 2015, and Claimant will not seek any other attorneys fees related to this arbitration that may have been incurred prior to January 29, 2015. Claimant is awarded post-judgment interest on this sum in accordance with CAL. CIV. CODE §685.010.

8. **IT IS FURTHER ORDERED THAT:** Respondents are jointly and severally liable to Claimant for the expenses of the arbitration as provided for in the arbitration agreement. Those expenses total $39,371.10. Claimant is awarded post-judgment interest on this sum in accordance with CAL. CIV. CODE §685.010.

9. **IT IS FURTHER ORDERED THAT:** A constructive trust is awarded to Claimant and against each Respondent as to each Respondents' real, tangible and/or intangible property, including but not limited to all Mastiff Intellectual Property. The constructive trust is awarded to Claimant in the amount of $851,826.85 (*See*, Table 1 for calculations). CAL. CIV. CODE §§ 2223 and 2224; *see also*, *Martin v. Kehl* (1983) 145 Cal.App.3d 228, 236-238.

10. **IT IS FURTHER ORDERED THAT:** In Claimant's capacity as the lead derivative shareholder, and for himself and the above identified absent shareholders, Claimant requests and the Tribunal orders and awards the following equitable remedy: Respondents Martin and Holley are ordered to execute the attached assignment (Exhibit 1) so as to fully and finally assign to the Company all of Martin and Holley's rights, title, and legal interests in all Mastiff Intellectual Property. In the event Respondents Martin and Holley fail to comply with this order and return to AAA the executed assignment (Exhibit 1) within five business days of the date of this Third Interim Arbitral Award then the AAA ("the Tribunal") will appoint a Tribunal trustee to execute the assignment on behalf of Respondents Martin and Holley. *Sky Technologies LLC v. SAP AG*, 576 F.3d 1374, 1379-80 (Fed. Cir. 2009) quoting *Ager v. Murray*, 105 U.S. 126, 131-32 (1881); accord, *Zanetti*

*v. Zanetti*, (1947) 175 P.2d 603, 606.

11. The parties' arbitration agreement specifically empowers the Tribunal to issue equitable awards such as the ones in this Third Interim Arbitral Award.

12. **IT IS FURTHER ORDERED THAT:** The Tribunal retains jurisdiction over any remaining disputes among the parties.

This Tribunal presently makes no orders as to Respondent Stead Martin in that she was not ordered to participate in this arbitration until the day before this hearing. The Tribunal reserves for another day issues related to Stead Martin.

This award shall be effective immediately and, in accordance with the controlling arbitration agreement, it may be entered by any court having jurisdiction.

**IT IS SO ORDERED AND AWARDED.**

Dated:  June 4, 2015

_David O. Carter_
HONORABLE DAVID O. CARTER
United States District Court for the
Central District of California;

Submitted by:
Law Offices of Robert W. Cohen, APC

By:     */S/ Robert W. Cohen*
         Robert W. Cohen (SBN 1503110)

   *Attorneys for Claimant*